**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROKIT WORLD, INC.,

Plaintiff,

vs. Case No. 3:24-cv-878-MMH-LLL

WILLIAMS GRAND PRIX ENGINEERING LIMITED, et al.,

Defendants.
_______________________________/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Response in Opposition to Omnibus Motion to Dismiss (Doc. 35; Response), filed on March 25, 2025. In the Response, Plaintiff, in addition to asserting that Defendants' motion to dismiss is due to be denied, alternatively requests leave to amend its complaint in the event the Court finds that its allegations are inadequate. See Response at 13–14. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla., 48 F. 4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270,

1277 (11th Cir. 2018))); Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361–62 (11th Cir. 2006) (same). Thus, the Court will not entertain Plaintiff's request for relief included in the Response. Plaintiff is advised that, if it wishes to pursue such relief, it is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this

Court.

Accordingly, it is

**ORDERED:**

To the extent that Plaintiff requests affirmative relief from the Court, Plaintiff's Response in Opposition to Omnibus Motion to Dismiss (Doc. 35) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of March, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Lc32

Copies to:
Counsel of Record