United States District Court
Middle District of Florida
Jacksonville Division

**ROKIT WORLD, INC.,**

 **Plaintiff,**

v.              **NO. 3:24-CV-878-MMH-LLL**

**WILLIAMS GRAND PRIX
ENGINEERING LIMITED, ET AL.,**

 **Defendants.**

_____

### Order Staying Discovery

Before the Court is defendants' Motion to Stay Discovery Pending Resolution of Motion to Dismiss, doc. 21. Defendants' Williams Grand Prix Engineering Limited and Claire Williams, Doug Lafferty, and Michal O'Driscoll (collectively defendants) move to stay discovery and meet and confer deadlines pending the resolution of defendants' motion to dismiss, doc. 20. Plaintiff ROKiT World, Inc. opposes the motion to stay discovery, doc. 28.

### Background

On August 23, 2024, plaintiff filed a six-count complaint against defendants, which includes four counts of fraud, one for each defendant; a count to set aside an arbitration award; and a count for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Doc. 1 at 16-23. On February 18, 2025, defendants moved to dismiss the complaint on multiple grounds, including lack of personal jurisdiction, improper venue, forum non conveniens, lack of subject matter jurisdiction, and failure

to state a claim for which relief may be granted. *See generally* doc. 20. Defendants contend that because the motion to dismiss could resolve the entire case on legal, rather than factual grounds, a stay of discovery is warranted. Doc. 20 at 2.

### Authority

Federal Rules of Civil Procedure seek "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The scope of discovery is dependent on the claims in the complaint and defenses to those claims. *See* Fed. R. Civ. P. 26(b)(1). Discovery is typically initiated when the parties meet to discuss case management; it typically ends on a date established in a scheduling order. *See* Fed. R. Civ. P. 16(b)(1), 16(b)(3)(A), 26(d)(1), 26(f). A court has broad discretion to stay discovery, however, "until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

A circumstance warranting a stay of discovery can be a pending motion to dismiss that raises a facial challenge to the legal sufficiency of a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 2012); *Little, v. CSRA, Inc.*, 834 F.App'x 495, 500 (11th Cir. 2020); *Odion v. Google Inc.*, 628 F.App'x 635, 639 (11th Cir. 2015); *Moore v. Potter*, 141 F.App'x 803, 807 (11th Cir. 2005). The Eleventh Circuit has explained that facial legal challenges should be resolved before discovery begins because neither the court nor the parties have a need for discovery before the court rules on such a motion. *See Chudasama*, 123 F.3rd at 1367; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 684-85 (2009) (explaining that the pleading rules do "not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions" and the plausibility of a claim does not turn on the discovery process). Discovery carries significant costs and "mechanisms for effective discovery are essential to the fairness of our system of litigation." *See Chudasama*, 123 F.3rd at 1367-8; *see also Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 558 (2007) ("when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and court.").

To determine whether a discovery stay is warranted, district courts take a "preliminary peek" at the motion to dismiss to assess its merits. *See, e.g., Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 841-42 (11th Cir. 2020) (holding a district court did not "clearly err" in staying discovery pending rulings on motions to dismiss after taking a "preliminary peek" at the motions and determining "they were likely meritorious and dispositive"). If the preliminary peek shows "a significant possibility" that the motion to dismiss will be granted, staying discovery is appropriate. *Id.*

Although the resolution of a pretrial motion that turns on findings of fact may require some limited discovery before a ruling can be made, this is not the case when the motion is based on legal issues alone. *Chudasama* 123 F.3d at 1367; s*ee also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (explaining that a stay is proper if the resolution of a pending dispositive motion might dispose of the case and improper if discovery is necessary to respond to motion); *Eaton v. Dorchester Dev. Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("[J]urisdictional discovery is not entirely

3

discretionary"). Thus, a district court does not abuse its discretion in dismissing an action before discovery if the plaintiff merely alludes to jurisdictional discovery in the response to the motion to dismiss but fails to specify the discovery the plaintiff needs to try to defeat the motion. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999).

## Analysis

Considering the circumstances in this action, and in light of the above, staying discovery is warranted here. As a basis for their motion, defendants raise numerous issues, including of personal jurisdiction, venue, forum non conveniens, subject matter jurisdiction, and failure to state a claim. *See* doc. 20. As explained above, *see Chudasama*, 123 F.3d at 1367, raising facial challenges to the legal sufficiency of a claim is a circumstance warranting a stay of discovery. In response, plaintiff summarily contends, without explanation of how, that they would be prejudiced if discovery were to be stayed. Doc. 28 at 2.

As an initial matter, it does not appear that a stay of discovery would affect case management. The Court has yet to enter a case management and scheduling order in the case, and the motions to dismissed have not yet been fully briefed. A "preliminary peek" at the merits of the motion to dismiss shows there is a significant possibility that the case will be resolved by the pending dispositive motion. *See generally* doc. 20. Although the Court does not opine at this time on the merits of the pending dispositive motion, the arguments contained within do not appear to be unjust or frivolous.

4

Additionally, the defendants need not be successful on every argument for the case to end upon resolution of the motion to dismiss.

Moreover, plaintiff's proposed legal authority for its position in opposition relies primarily on a case from the District of Nevada. But as this Court has previously explained to plaintiff's counsel in a related case making similar argument, the citation to a case from the District of Nevada is neither persuasive nor binding.

> The plaintiffs cite a case from the District of Nevada, which cites a case from the Ninth Circuit, for the proposition that a party has a "heavy burden" of making a "strong showing" that discovery should be stayed, which requires a "particular" and "specific" need for the stay. Doc. 44 at 2 (quoting *Buckwalter v. Nev. Bd. of Med. Exam'rs*, No. 2:10–cv–02034–KJD–GWF, 2011 WL 841391, at *3 (D. Nev. Mar. 7, 2011), which is quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Neither case is binding or persuasive. The district court case relied on the appellate court case, *see Buckwalter*, 2011 WL 841391, at *1, and the appellate court case addressed not a motion to stay discovery but a motion for a protective order to prevent a litigant from deposing the publisher of a publication, *see Blankenship*, 519 F.2d at 429. In any event, this Court need not look beyond the Eleventh Circuit and the Supreme Court for guidance; the governing jurisprudence is in *Chudasama* and *Bell Atlantic*.

*ROKiT World, Inc. and Jonathan Kendrick v. Rocket Ball LTD d/b/a The Houston Rockets, et al.*, No. 3:24-cv-00879-WWB-PDB (M.D. Fl. Feb. 20, 2025) at Doc. 47 at 7-8. As such, plaintiff's notion that defendants' motion is not "particular" or "specific" enough to warrant a need for a discovery stay is unpersuasive. And plaintiff acknowledges in its response that discovery should be stayed in cases where there is no factual issue in need of "immediate exploration." Doc. 28 at 2 (citing a 1991 case from the Eastern District of New York). But plaintiff identifies no specific factual issues in need of exploration at this juncture, thus this non-binding case does not sway the Court towards plaintiff's position.

In another attempt to defeat the motion, plaintiff alludes to ambiguous discovery that "may" be needed to rebut defendants' personal jurisdiction argument, *see* doc. 28 at 2, but plaintiff does not articulate what discovery is needed or why. *See Posner*, 178 F.3d at 1214 n.7. To decide a motion to dismiss for lack of personal jurisdiction a court may (1) rely on complaint allegations; (2) rely on complaint allegations and affidavit statements; or (3) conduct an evidentiary hearing and find facts. *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988). Therefore, Courts routinely decide motions to dismiss without relying upon discovery because it can assess personal jurisdiction based solely on the allegations of the complaint or other evidentiary proceedings. Further, because the parties have an extensive history of litigation against each other and have previously engaged in an arbitration on a related matter, plaintiff likely possesses some information regarding personal jurisdiction.

As discussed above, defendants meet the standards set by *Chudasama* and the Eleventh Circuit; their motion to stay is granted.

It is **ordered**:

1.   Defendants' motion to stay discovery, doc. 21, is **granted**.

2.  If the omnibus motion to dismiss, doc. 20, is denied in whole or in part, the

    parties must fie a case management report within **14 days of the denial**.

**Ordered** in Jacksonville, Florida, on April 28, 2025.


LAURA LOTHMAN LAMBERT
United States Magistrate Judge


c:
Larry Elliot Klayman, Esquire
Rocco Magni, Esquire
Sarah M. Hannigan, Esquire